**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

**ROBERT J. GESSERT and**
**THE GESSERT GROUP, INC.,**

       **Plaintiffs,**

v.                                           **Case No. 06-C-448**

**UNITED STATES OF AMERICA,**

       **Defendant.**

## DECISION AND ORDER

### I.

In April 2006, Robert J. Gessert ("Robert") and The Gessert Group, Inc. ("the corporation"), an apparently quasi-defunct corporation controlled by Robert, brought this action against the United States ("the government"), alleging that it engaged in unlawful tax collection activities ("Count I") and that it owes tax refunds to the corporation ("Count II") and to Gessert ("Count III"). The government filed an answer and counterclaim, the latter seeking to reduce various tax assessments against plaintiffs to judgment. The government also filed a motion to dismiss some of plaintiffs' allegations. Subsequently, plaintiffs moved to amend their complaint. The government opposes the motion, arguing that the amendment would be futile, and the matter is before me now.

Fed. R. Civ. P. 15(a) authorizes a party to amend a pleading at any time before a responsive pleading has been served and, if a responsive pleading has been served, directs courts to grant leave to amend freely in the interest of justice. In the present case, because the government served an answer and counterclaim before plaintiffs moved to amend, plaintiffs require leave of court in order to amend. Although I grant such leave liberally (see Rule 15(a)),

I will not do so if the amendment would be futile, i.e., if it would fail to survive a motion to dismiss for failure to state a claim. See Gen. Elec. Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1085 (7th Cir. 1997). Thus, I will assume that plaintiff's amended complaint is before me and evaluate it under the standard set forth in Fed. R. Civ. P. 12(b))(6). I treat the allegations in it as true, and I draw all inferences in plaintiff's favor. Bontkowski v. First Nat'l Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993). I will find the amended pleading futile only if plaintiffs can prove no set of facts in support of their claim which would entitle them to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (184).

The government first argues that the allegations in paragraphs 6, 7, 9, and 11 of the amended complaint, which relate to alleged wrongful collection activities, are futile because they are barred by the two-year statute of limitations applicable to actions under 26 U.S.C. § 7433. Because the government has waived its sovereign immunity only as to wrongful collection claims brought within the two year limitation period, if these allegations are untimely, I lack jurisdiction over them. In paragraphs 6, 7, 9, and 11, plaintiffs allege that the government violated § 7433 when a revenue officer made various misrepresentations regarding their tax payments including a misrepresentation that a $75,000 payment would be applied to the corporation's trust fund liability (withholding taxes) rather than to other liabilities. Plaintiffs acknowledge that the activities complained of allegedly occurred more than two years before they commenced the present action, but argue that they did not discover the wrongful nature of the activities until 2005 and that their claims are therefore timely.

A claim generally accrues when the harm it causes occurs. However, when through no fault of their own, parties do not discover the harm until well after it has occurred, courts often conclude that the claim does not accrue until the date of discovery. See Sylvester v. United States, 978 F. Supp. 1186, 1190 (E.D. Wis. 1997) (applying the discovery rule to a § 7433

action); see also Treas. Reg. § 301.7433-1(g)(2) (providing that the statute of limitations begins to run when "the taxpayer has had a reasonable opportunity to discover all essential elements of a possible cause of action"). In the present case, plaintiffs argue that they did not discover the revenue official's wrongdoing until 2005, when the government turned over transcripts that they had repeatedly requested. Taking plaintiffs' allegations in the light most favorable to them, I cannot conclude that they can prove no set of facts indicating that they timely asserted the allegations in paragraphs 6, 7, 9, and 11. Therefore, I cannot say that such allegations are futile.

The government also argues that Robert's Count I claims are futile because plaintiffs' allegations make clear that the government's alleged wrongful collection activities were not directed at him. Only a taxpayer against whom collection activities are directed may prevail in an action under § 7433. Shaw v. United States, 20 F.3d 182 (5th Cir. 1994) (tracing history of § 7433 and concluding that the provision applied only to claims for wrongful collection and precluded wrongful assessment claims); Allied/Royal Parking L.P. v. United States, 166 F.3d 1000, 1003 (9th Cir. 1999). I agree with the government that the wrongful collection activities alleged by plaintiff were not directed at Robert. According to plaintiffs' allegations, Robert incurred no tax obligations until September 1, 2004, when the government assessed trust fund penalties against him as a responsible party pursuant to 26 U.S.C. § 6672. Although § 6672 creates alternative tax liability and, as such, is a tax for purposes of § 7433, Sylvester, 978 F. Supp. at 1189, any unlawful collection activities occurring before the date the government assessed § 6672 liabilities were by definition not directed at Robert. Further, plaintiffs do not

allege that any of the wrongful collection activities that occurred after September 1, 2004 were directed at Robert. Thus, Robert's Count I claims are futile.[1]

The government makes additional arguments as to why plaintiffs' Count I claims are futile. Because I have dismissed Robert's Count I claims, these arguments necessarily address only the corporation's claims. First, the government contends that the alleged wrongful collection activities involve voluntary payments and that § 7433 does not authorize a challenge to wrongful collection activities that occur in connection with voluntary payments. However, a taxpayer may invoke § 7433 to challenge governmental activities that occur in connection with a taxpayer's response to governmental action or inaction. See 26 C.F.R. 301.7430-3. In the present case, plaintiffs allege that they made a voluntary payment in response to governmental activities including the seizure of the funds and the filing of a lien, and that the government wrongfully misapplied the payment. Taking these allegations in the light most favorable to the corporation, I cannot conclude that it can prove no set of facts showing that the government acted wrongfully in connection with plaintiffs' response to its collection efforts. Therefore, I cannot conclude that the corporation's Count I claims are futile on this ground.

The government also argues that the corporation fails to satisfy the pleading requirements applicable to § 7433 claims. Under 26 C.F.R. 301.7433-1(e), a § 7433 claimant must allege "the grounds in reasonable detail for the claim . . . [a] description of the injuries incurred by the taxpayer filing the claim . . . [and] the dollar amount of the claim." The only damages available to a § 7433 plaintiff "are actual pecuniary damages sustained by the taxpayer as the proximate result of the reckless or intentional or negligent actions" of the revenue officer. I conclude that the corporation has failed to allege pecuniary damages with

---

[1] Robert may be able to challenge the government's alleged wrongful application of tax payments in his refund claim. See Freck v. I.R.S., 37 F.3d 986, 989 (3d Cir. 1994).

respect to its allegations in paragraphs 6, 7, 9, and 11. This is so because it would be liable for any unpaid corporate taxes and penalties, regardless of any misrepresentations concerning the accounts payments would be applied to. However, the corporation's other allegations in Count I including those relating to wrongful levies may proceed because the corporation has alleged these claims with sufficient specificity. The corporation has alleged the dates of the alleged wrongful levies, that the levies were pretextual and in bad faith, that they interfered with the corporation's affairs, and the dollar amount of the damages. Plaintiffs also allege that the remaining claims relate to the alleged improper levies under 26 U.S.C. §§ 6330 and 6321.

Finally, I note that plaintiffs withdraw their request for a jury trial.

Therefore,

**IT IS ORDERED** that plaintiffs' motion to amend their complaint **IS GRANTED IN PART AND DENIED IN PART** as indicated above.

Dated at Milwaukee, Wisconsin this 330 day of March, 2007.

/s_____
LYNN ADELMAN
District Judge