# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ROBERT J. GESSERT and
THE GESSERT GROUP, INC.,
    Plaintiffs,

v.                                     Case No. 06-C-448

UNITED STATES OF AMERICA,
    Defendant.

## DECISION AND ORDER

    Plaintiff Robert J. Gessert ("Robert") and a corporation that he controlled bring this suit against the United States under 26 U.S.C. § 7433, seeking damages based on the alleged unlawful collection practices of an Internal Revenue Service ("IRS") revenue officer. I previously dismissed some of the corporation's Count I claims on the ground that the corporation failed to allege specific damages resulting from the revenue officer's actions. Plaintiffs now ask me to reconsider and urge that a $1,500 bad check penalty that the corporation incurred constituted specific and therefore actual damages. Plaintiffs also request that I permit the corporation to amend its complaint.

    I conclude first that the corporation still does not allege specific damages. The $1,500 bad check penalty does not qualify as actionable damages because the corporation's claim for reimbursement of the $1500 is barred by the statute of limitations. The $1,500 penalty was assessed as a result of a bad check written by the corporation in December 2002. The penalty was assessed in May 2003. The statute of limitations for a § 7433 claim is two years and begins to run "when the taxpayer has had a reasonable opportunity to discover all essential elements of a possible cause of action." 26 C.F.R. § 301.7433-1(g)(2). Plaintiffs did not commence their suit until April 2006. Plaintiffs had a reasonable opportunity to discover and in fact did discover the $1,500 penalty at the latest in May 2003. Thus, their claim for the

$1,500 is barred because it is untimely. Plaintiffs present no evidence indicating that certain transcripts that they obtained in 2005 were necessary to alert them to the $1,500 penalty.

Plaintiffs also assert that they have "paid or incurred other actual, direct, pecuniary economic damages" beyond the $1,500 and therefore should be granted leave to amend to allege those other damages. However, plaintiffs have failed to include a new proposed amended complaint as required by Civil Local Rule 15.1. Since I cannot assess the validity of the other damages without a proposed amended complaint, the motion to amend must be denied. Plaintiffs are free to bring another motion to amend with an attached proposed amended complaint if they wish to attempt to allege other specific damages suffered by the corporation that were proximately caused by the unlawful collection practices.[1]

Therefore,

**IT IS ORDERED** that plaintiffs' motion for reconsideration is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiffs' second motion to amend complaint is **DENIED**.

Dated at Milwaukee, Wisconsin this 10 day of August, 2007.

/s_____
LYNN ADELMAN
District Judge

---

[1] If plaintiffs disagree with my earlier reasoning and think that the $1500 fee was not reasonably discoverable until they received the 2005 transcripts, they are free to also attempt to allege sufficient facts in their next proposed amended complaint that would establish such a proposition. See Sylvester v. United States, 978 F. Supp. 1186, 1191 (1997) ("For [plaintiff] to rely on the discovery rule, he must tell the court what information he discovered from reviewing his file and how the new information convinced him that certain acts violated § 7433.")